J-S26041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER J. TWYMAN | : | |
| | : | |
| Appellant | : | No. 1734 MDA 2024 |

Appeal from the Order Entered November 13, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003202-2022

BEFORE: LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY BECK, J.:  **FILED: OCTOBER 10, 2025**

Christopher J. Twyman ("Twyman") appeals pro se from the order entered by the Berks County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Twyman is not currently serving a sentence and is therefore ineligible for relief under the PCRA, we affirm.

On January 22, 2024, Twyman entered a negotiated guilty plea to two counts of harassment and one count of trespass, all summary offenses.  That same day, the trial court sentenced Twyman to 45 to 90 days of incarceration for each of the harassment charges, to be served consecutively, for a total of 90 to 180 days, and a consecutive term of 90 days of probation for trespass.

---

[1]  42 Pa.C.S. §§ 9541-9546.

The trial court provided Twyman with credit for time served of 180 days. He did not file a direct appeal.

On August 7, 2024, Twyman filed a pro se PCRA petition. Therein, he claimed his plea counsel provided ineffective assistance by not adequately informing him that the negotiated plea would interfere with his pending parole violation. The PCRA court appointed Twyman counsel. Twyman's PCRA counsel filed a no-merit letter and a motion to withdraw as counsel. In the letter, PCRA counsel concluded there was no legal basis for Twyman's claim because Twyman was not currently serving a sentence on the docket in question.

The PCRA court filed a notice of intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Twyman filed a response, contending that he had not yet served his probationary sentence because he was currently serving time for a parole violation on a different docket. Ultimately, the PCRA court dismissed Twyman's PCRA petition without a hearing and granted counsel permission to withdraw. Twyman timely appealed.

Twyman argues in his brief that he is entitled to PCRA relief because his credit for time served was applied incorrectly to the docket in this case. *See* Twyman's Brief at 4. Without this error, Twyman claims that he would not yet have served any of his sentence, rendering him eligible for relief. *Id.*

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its

- 2 -

conclusions of law are free from legal error." ***Commonwealth v. Wilson***, 273 A.3d 13, 18 (Pa. Super. 2022) (citation omitted). "With respect to the PCRA court's legal considerations, we apply a de novo standard of review." ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

To be eligible for relief the petitioner must plead and prove he has been convicted of a crime under the laws of this Commonwealth of Pennsylvania, and at the time the requested relief is sought, he must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i); ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) ("To be eligible for relief a petitioner must be **currently** serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is **not** currently serving such a sentence would be to ignore the language of the statute.") (emphasis in original).

Our review of the record confirms that the trial court sentenced Twyman on January 22, 2024, to an aggregate term of 90 to 180 days of incarceration, followed by 90 days of probation, and that it granted him credit for time served on this docket for the entire 180 days. It ordered his probation sentence to commence on the date of sentencing. ***See*** N.T., 1/22/2024, at 16; Sentencing Order, 1/22/2024, at 3. Thus, Twyman's probationary sentence expired on April 21, 2024.

Therefore, although Twyman has been convicted of crimes under the laws in this Commonwealth, he is no longer serving any sentence for the

crimes on this docket and is ineligible for PCRA relief on that basis. *See Commonwealth v. Turner*, 80 A.3d 754, 766 (Pa. 2013) (noting a petitioner cannot gain relief under the PCRA if their sentence has concluded); *Commonwealth v. Matin*, 832 A.2d 1141, 1143 (Pa. Super. 2003) ("A petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed."). Accordingly, we do not have jurisdiction to decide the merits of this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2025